# Exhibit "A"

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-00192-S3
1/11/2021 5:17 PM

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** GWINNETT _____ County

*Tiana P. Garner*

CLERK OF STATE COURT

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 21-C-00192-S3 |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| ALLRED, AMY | WAL-MART STORES EAST, LP |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| | WALMART INC. |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| | PERSIS VILLA RICA INVESTMENTS, LLC |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| | ARAMARK UNIFORM & CAREER APPAREL, LLC |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| | JOHN DOE  Corporation and JOHN DOE, Individual |

**Plaintiff's Attorney** Patricia A. Roy, Esq. _____   **Bar Number** ___617275___   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**1/11/2021 5:17 PM**

*Tiana P. Garner*

CLERK OF STATE COURT

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**AMY ALLRED**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-C-00192-S3** _____

VS.

**WAL-MART STORES EAST, LP**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Patricia A. Roy, Esq., THE ROY LAW FIRM, LLC
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404-991-0562; patricia@theroyfirm.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**11TH**_____ day of _____**JANUARY**_____, 20**21**.

TIANA P. GARNER,
~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**1/11/2021 5:17 PM**

*Tiana P. Garner*

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**AMY ALLRED**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____ **21-C-00192-S3** _____

VS.

**WALMART INC.**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Patricia A. Roy, Esq., THE ROY LAW FIRM, LLC
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404-991-0562; patricia@theroyfirm.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____ **11TH** ____ day of _____ **JANUARY** _____, 20 **21** .

**TIANA P. GARNER,**
~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-00192-S3**
**1/11/2021 5:17 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**AMY ALLRED**

_____

_____

_____

PLAINTIFF

VS.

**PERSIS VILLA RICA INVESTMENTS, LLC**

_____

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER: **21-C-00192-S3** _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Patricia A. Roy, Esq., THE ROY LAW FIRM, LLC
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404-991-0562; patricia@theroyfirm.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**11TH**____ day of _____**JANUARY**_____,  20__**21**__.

**TIANA P. GARNER,**
~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - NS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**1/11/2021 5:17 PM**

*Tiana P. Garner*

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**AMY ALLRED**

_____

_____

_____

PLAINTIFF

VS.

**ARAMARK UNIFORM & CAREER APPAREL, LLC**

_____

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER: **21-C-00192-S3**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Patricia A. Roy, Esq., THE ROY LAW FIRM, LLC
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404-991-0562; patricia@theroyfirm.com

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____**11TH**_____ day of _____**JANUARY**_____, 20__**21**__.

**TIANA P. GARNER,**
~~Richard T. Alexander, Jr.,~~
**Clerk of State Court**

By_____
    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

 CT Corporation

**Service of Process Transmittal**
01/19/2021
CT Log Number 538904761

TO: Ed Friedler, Assistant General Counsel
Aramark
115 N FIRST ST
BURBANK, CA 91502-1856

RE: **Process Served in Georgia**

FOR: ARAMARK Uniform & Career Apparel, LLC  (Domestic State: DE)

**RECEIVED**
**JAN 20 2021**
**LEGAL DEPT.**
**(BURBANK, CA)**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Amy Allred, Pltf. vs. Wal-Mart Stores East, LP, et al., Dfts. // To: ARAMARK Uniform & Career Apparel, LLC |
| **DOCUMENT(S) SERVED:** | Affidavit, Order, Summons, Complaint |
| **COURT/AGENCY:** | Gwinnett County State Court, GA |
| | Case # 21C001925S3 |
| **NATURE OF ACTION:** | Personal Injury - 01/31/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/19/2021 at 14:40 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Patricia A. Roy |
| | The Roy Law Firm, LLC |
| | 1201 W. Peachtree Street, NE, Suite 2300 |
| | Atlanta, GA 30309 |
| | 404-991-0562 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780114613270 |
| | Image SOP |
| | Email Notification,  Ed Friedler  friedler-ed@aramark.com |
| | Email Notification,  Brian Casey  Casey-Brian@aramark.com |
| | Email Notification,  Jewel Clay  clay-jewel@aramark.com |
| | Email Notification,  Steven Friedman  Friedman-Steven@aramark.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System |
| | 289 S. Culver St. |
| | Lawrenceville, GA 30046 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2 / EC

 CT Corporation

**Service of Process Transmittal**
01/19/2021
CT Log Number 538904761

**TO:**   Ed Friedler, Assistant General Counsel
Aramark
115 N FIRST ST
BURBANK, CA 91502-1856

**RE:**   **Process Served in Georgia**

**FOR:**   ARAMARK Uniform & Career Apparel, LLC  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Civil Action No. **21-C-00192-S3**

Date Filed **01/11/2021**

**STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

Attorney's or Plaintiff's Address & Telephone Number

**PATRICIA A. ROY, ESQ**

**THE ROY LAW FIRM**

**1201 W. PEACHTREE ST. SUITE 2300**

**ATLANTA, GEORGIA 30309**

**404-991-0562**

**AMY ALLRED**

**PLAINTIFF**

VS.

**WAL-MART STORES EAST, LP, ) WALMART INC., PERSIS VILLA RICA ) INVESTMENTS, LLC, ARAMARK ) UNIFORM & CAREER APPAREL, LLC, ) and JOHN DOE Corporation, and ) JOHN DOE, individuals,**

**DEFENDANT**

Name and Address of Party to be Served

**Aramark Uniform & Career Apparel, LLC**

**R/A. CT Corporation System**

**289 S. Culver Street**

**Lawrenceville, GA  30046**

**GARNISHEE**

**COST OF SERVICE $**_____

**SPECIAL AGENT'S  AFFIDAVIT OF ENTRY OF SERVICE**

DATE OF SERVICE: _**1/18/21**_____ (This date must be  written and clearly legible on def./garnishee's copy)

**[ ] PERSONAL**  Place of Service [ ] same as above; [ ] other, as follows: _____
I served this def./garnishee  with a copy of the action & summons: _____
The person served is described as follows: approximate age_____years; approximate weight_____pounds; approximate height_____ _____feet and _____inches

**[ ] NOTORIOUS**  I served Def./Garnishee by leaving a copy of the action and summons at the most notorious place of abode in the county: _____

Delivered the same to_____ described as follows: approximate age_____ years; approximate weight_____pounds; approximate height_____feet and _____inches, living at the residence of the defendant.

**[ ] CORPORATION**  I served the corporate entity, [ ] Defendant; [ ] Garnishee as follows: by leaving a copy with _____ _____, [ ] the registered agent; [ ] the person in charge of the office and place of business of the corporation in Gwinnett County;  at [ ] same as above; [ ] the following address:

**[ ] TACK & MAIL**  I served the defendant by posting a  copy to the door of the defendant's premises designated above in the affidavit and, on the same day, by depositing a true copy in the mail with first class postage in an envelope properly addressed to the address shown in the summons with adequate notice to answer the summons at the place stated in the summons. (Dispossessory only–research rules.)

**[ ] NON EST**  Did not serve because after a diligent search the def/garnishee could not be found in the jurisdiction of the court.

**(This portion shall be completed, under oath, after service and before filing with the Clerk of this Court, except for printed name.)**
    I, the undersigned, and being duly sworn, and under penalty of law, swear that I have personally effectuated service of process on the date, time, place and manner as set forth above and that all the facts set forth herein are true and correct and that I have served a copy of this document which bore my printed name,  exclusive of my signature under oath, upon the def./garnishee  simultaneous with service of all documents connected with this action.  *(Please use a blue ink which clearly indicates this is an original affidavit.)*
Sworn to before me this _____ day of

_____, 20_____

_____
Notary Public, my commission expires:/Clerk
Notary shall affix seal

Signature of Process Server (signed only before notary public/clerk)

Print Name: _Sally Cunningham_____
(Must be clearly legible on **def./garnishee  copy** to indicate who made service at the time service was made.)

[ (SC) ] (Initial if applicable) I am designated as a Special Agent for Service of Process under a standing order of this Court, attached hereto as exhibit A.

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2021 JAN -6  PM 3: 32

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:   20  C  09289 - 1

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2022.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___30th___ day of ___December___, 20 _20_ .

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    Sally Cunningham

Address  P.O. Box 5787

Douglasville, GA 30154

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
21-C-00192-S
1/11/2021 5:17 PI

*Tiana P. Garne*

CLERK OF STATE COUR

**AMY ALLRED**

_____

_____

_____

PLAINTIFF

VS.

ARAMARK UNIFORM & CAREER APPAREL, LLC

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____ **21-C-00192-S3**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Patricia A. Roy, Esq., THE ROY LAW FIRM, LLC
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404-991-0562; patricia@theroyfirm.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**11TH**_____ day of _____**JANUARY**_____, 20 **21** .

TIANA P. GARNER,
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-00192-S**
1/11/2021 5:17 PI
CLERK OF STATE COUR

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| AMY ALLRED | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| WALMART INC., PERSIS VILLA RICA | ) |
| INVESTMENTS, LLC, ARAMARK | ) |
| UNIFORM & CAREER APPAREL, LLC, | ) |
| and JOHN DOE Corporation, and | ) |
| JOHN DOE, individuals, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.

**21-C-00192-S3**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff Amy Allred (hereinafter "Allred" or "Plaintiff"), by and through her counsel, and hereby files her Complaint against Wal-Mart Stores East, LP ("Wal-Mart East"), Walmart INC. (collectively hereafter "WalMart"), Persis Villa Rica Investments, LLC ("Persis") and Aramark Uniform & Career Apparel, LLC ("Aramark"), respectfully showing the Court as follows:

## PARTIES & JURISDICTION

1.

Plaintiff Amy Allred is a resident of Georgia who resides in Carroll County.

2.

Defendant, Wal-Mart Stores East, LP ("Wal-Mart East"), is a Delaware corporation that transacts business throughout Georgia and is the operator of Walmart stores, including the Walmart Auto Care Center store located at 600 Carrollton Villa Rica Highway, Douglasville,

1

Georgia in Carroll County, Store # 2732, (hereinafter "the Store"). Wal-Mart East can be served with process through its registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040 in Forsyth County.

3.

Walmart INC. is a Delaware corporation that, among other things, owns and/or leases over 2,500 Walmart Auto Care Center stores nationwide, including upon information and belief, leasing the Walmart Auto Care Center store located at 600 Carrollton Villa Rica Highway, Douglasville, Georgia in Carroll County, Store # 2732, (hereinafter "the Store"), where the tort in this action took place.

4.

Walmart INC. can be served with process through its registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA  30040 in Forsyth County.

5.

Aramark Uniform & Career Apparel, LLC ("Aramark"), is a Delaware company that transacts business throughout Georgia, and can be served with process through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046 in Gwinnett County.

6.

Aramark is in the business of providing floor mats to Walmart and/or Walmart East for the Walmart Auto Center Store at issue in this case.

7.

Persis Villa Rica Investments, LLC is a Delaware Corporation and owns the "Walmart Store" property. Persis transacts business in Georgia and can be served with process through its

2

registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 in Gwinnett County.

8.

Jurisdiction is proper in this Court.

9.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510.

10.

Defendant John Does ("Doe") is an individual whose identity is known only as a Walmart employee. At all relevant times herein, Defendant Doe is resident of Georgia, is subject to the jurisdiction of this Court and venue is proper.

11.

Defendant John Doe Corporation is a company whose identity is not known to Plaintiff at this time. Said Defendant is subject to the jurisdiction of this Court and venue is proper.

**FACTUAL BACKGROUND**

12.

On January 31, 2019, Ms. Allred was lawfully on the premises of the Walmart Auto Center Store #2732, as a Walmart customer. As such, Plaintiff's legal status was that of an invitee.

13.

At all relevant times, including the date and time of Plaintiff's injury, the WalMart and Persis Defendants were responsible for keeping the premises safe and in good repair for its invitees and licensees.

3

14.

This WalMart Auto Care Center is particularly dilapidated, in disrepair and has either no lighting fixtures in the entry/exit area (as it relies on skylights whose light does not reach the hallway) or inadequate lighting in the main narrow and dark hallway leading inside/outside the Store.

15.

The narrow hallway entry/exit of the Auto Care Center has concrete flooring that looks original to the building, as it does not appear to ever have been repaired, painted or maintained.

16.

The center of the hallway is depressed where the paint and concrete have worn away from use over time.  As such, debris, dirt and small pieces of rock and gravel aggregate toward the middle of the uneven walkway.

17.

The Auto Care Center is like an obstacle course to enter and exit, as business invitees, such as Plaintiff, have to watch out for tires stacked up around the entrance, traverse a dark hallway that cannot be adequately viewed from the exterior or the interior, walk around standing ashtray for cigarettes, walk around a garbage at times that may hold open the door, and walk on uneven concrete flooring that appears to dip in the middle as its worn away, thus employees are using floor mats apparently to compensate for negligent repair and maintenance.

18.

Walmart contracted with Defendant Aramark and/or Defendant John Doe Corporation, upon information and belief, to regularly recommend appropriate floor mats, inspect, clean,

remove from rotation and replace with old with new floor mats, and deliver and service floor mats at Defendant Walmart's subject premises.

19.

On or about the day of Plaintiff was injured, Walmart Defendants and John Doe Defendant placed an old, frayed floor mat with uneven, warped and bubbled edges on top of another different type and width of smaller sized floor mat (hiding the bottom floor mat) at the entrance/exit of the Auto Care Center, creating an additional hazard.

20.

Ms. Allred was tripped by the unsafe, hidden and mismatched floor mats that Walmart employees had placed on the floor on top of each other with worn, warped and bubbled edges.

21.

The floor mat was not fastened to the floor, was old, warped and being used in a manner that caused a tripping hazard.

22.

Ms. Allred was tripped so badly and landed so hard on the concrete that she hit her face, shoulders, arms, wrists, knees and stomach, which caused severe bruising, swelling and pain. Walmart asked her to fill out an Incident Report while she waited for the ambulance, but she could not use her arm and was in too much pain to do so.

23.

Ms. Allred was in such pain that she had to be transported by ambulance to the local hospital, where it was confirmed that the suffered, among other things, an acute fracture to her right humeral head.

24.

Though Ms. Allred was paying attention to her surroundings, the hazards that Defendants created caused her to be tripped and injured.

## COUNT I – PREMISES LIABILITY & NEGLIGENCE

### (All Defendants)

25.

Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

26.

Defendant Persis owns and the Walmart Defendants lease and operate the Store, and both are in charge and control of maintaining its entrance and exit, subject to the terms of any lease.

27.

Defendants Persis and Walmart owed a non-delegable duty of reasonable care to keep the premises safe for invitees such as Plaintiff.

28.

Defendants Persis and Walmart owed a duty to Plaintiff to maintain the subject premises in a non-negligent manner, keep it free of hazardous conditions, protect Plaintiff from hidden perils and not injure Plaintiff by creating and maintaining dangerous conditions.  They also had a duty to warn her of any hazardous conditions.

29.

Defendant Aramark owed a duty to Plaintiff to provide commercial floor mats in a serviceable and non-hazardous condition that are appropriate for high traffic areas.

30.

Aramark breached its duty of care, as they knew, or in the exercise of reasonable care, should have known of the hazardous condition of using and keeping in rotation to use the inappropriate, old worn and hazardous floor mats that had warped and bubbled edges and, thus, would not lay entirely flat. Aramark also failed to inspect properly the old, worn floor mats it was delivering to Walmart Defendants.

31.

WalMart Defendants breached their duty of care, as they negligently placed inappropriate floor mats near the exit of the Store, which would easily move, fail to lay flat on an uneven surface.

WalMart Defendants breached their duty of care, as they created a hazard by using two-mismatched floor mats stacked on top of each other, as well as top floor mat that had warped and bubbled edges that did not allow the floor mat to lay entirely flat, creating a hazardous condition, among other negligent acts.

32.

Defendants WalMart breached their duty of care, as they were negligent in failing to properly and regularly inspect the floor mats themselves, choosing and using inappropriate and cheap floormats in highly trafficked areas and failing to remove worn and warped floor mats from rotation and use.

33.

Defendants WalMart and Persis breached their duty of care, as they failed to provide adequate lighting, painting and maintenance of the flooring at the exit and in the hallway, which are all partially or completely in shadow and dark at the time of the incident.

34.

Defendants WalMart and Persis breached their duty of care, as they failed to properly maintain, paint and sweep the concrete floors, so that they have become uneven from wear, collect debris, gravel and dirt, causing employees to attempt to level the floor and to cover dirt and debris at the entranceway by using older, worn and warped floor mats, which create a hazard.

35.

Defendants Walmart and Persis breached their duty of care, by among other things, failing to keep the area safe for Plaintiff, failing to warn Plaintiff of the dangerous conditions, and failing to regularly inspect the area so as to remove hazards and to provide adequate lighting and flooring.

36.

Defendants had actual or constructive and superior knowledge of the hazardous conditions as they created the hazards that injured Plaintiff.

37.

As a direct and sole proximate result of Defendants' negligence, Ms. Allred has sustained severe injuries, had to endure a painful surgery, several rounds of physical therapy, suffered humiliation, embarrassment and emotional distress, has suffered and continues to suffer severe pain and cannot use her dominant arm the way she could before she was injured, disability, discomfort, inconvenience, and has and will incur in the future medical, doctor, rehabilitation and prescription bills.

## COUNT II – VICARIOUS LIABILITY
### (Walmart & Aramark Defendants)
38.

Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

8

39.

At all times relevant to this action, the individuals responsible for choosing the inappropriate floor mats, placing the floor mats, inspecting the floor mats and maintaining the area where Plaintiff tripped were employed by Aramark and/or WalMart Defendants and were acting in the scope of their employment and/or as agents of Aramark and/or WalMart at the time of the subject incident.

40.

WalMart and Aramark Defendants are responsible and liable for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

41.

Defendant John Doe's negligence may be imputed to WalMart Defendants and Aramark Defendants under the doctrine of respondeat superior, agency or apparent agency.

42.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries, incurred extensive charges for medical care, and will incur additional medical and other expenses in the future, which continue to accrue.

## COUNT III – NEGLIGENT TRAINING & SUPERVISION
### (Walmart and Aramark Defendants)

43.

Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

44.

WalMart and Aramark Defendants are negligent in failing to adopt appropriate policies and procedures to choose, place, maintain appropriate floor mats and inspect and store those floor mats on the premises and in failing to train its employees concerning safety procedures for inspecting, placing, using and storing those floor mats on the premises.

45.

WalMart and Aramark Defendants were negligent in training and supervising its staff on the use, inspection and placement of floor mats.

46.

As a result of Defendant's negligence in training and supervising its employees, among other acts and omissions, Plaintiff was injured on the premises.

## COUNT IV – PUNITIVE DAMAGES

### (Defendants)

47.

Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein

48.

The actions of Defendants demonstrate by clear and convincing evidence that Defendant's actions showed willful misconduct, malice, wantonness, oppression, and an entire want of care to a degree that raises the presumption of conscious indifference to consequences and justifies the award of punitive damages.

49.

As a result of the foregoing, and pursuant to O.C.G.A. § 51-12-5.1, and other applicable law, Plaintiff is entitled to recover from Defendants, an amount to be determined at trial for the purpose of deterring the repetition of such conduct.

## COUNT V – ATTORNEY'S FEES & COSTS

50.

Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

51.

Plaintiff has incurred and will continue to incur substantial attorney's fees and expenses to prosecute this matter.

52.

The Defendant's actions have demonstrated bad faith, stubborn litigiousness, and have caused Plaintiff unnecessary delay and expense.

53.

Plaintiff is entitled to recover all costs of the prosecution of this matter, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11 and other applicable law.

**WHEREFORE, Plaintiff prays for the following relief:**

(a)     that service and process issue upon Defendants as provided by law;

(b)     that Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(c)     that Plaintiff has a trial by jury of all issues so triable;

11

(d)      that Plaintiff recover all damages to which she is entitled under Georgia law, including but not limited to:

1.      general damages for all elements of pain and suffering, physical and mental, including emotional distress, embarrassment, humiliation and fright in an amount to be determined by the enlightened conscience of the jury;

2.      special damages in excess of approximately $40,000, to date that continue to accrue for all medical expenses and losses suffered by Plaintiff;

3.      all costs of the prosecution of this matter;

4.      punitive damages in an amount to be determined at trial for the purpose of deterring the repetition of Defendants' conduct; and,

(e)      For an award of reasonable attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11;

(f)      For such other and further relief as the Court may deem equitable, just, and proper.


Respectfully submitted this _11th___ day of January 2021.


**THE ROY LAW FIRM, LLC**

By:

/s/ *Patricia A. Roy*
Patricia A. Roy
Georgia State Bar No. 617275
Attorney for Plaintiff


12

**THE ROY LAW FIRM, LLC**
One Atlantic Center
1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309
404.795.5071 (ofc); 404.991.0562 (cell)
patricia@theroyfirm.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-00192-S3
1/26/2021 3:38 PM

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLERK OF STATE COURT

AMY ALLRED,

        Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
PERSIS VILLA RICA INVESTMENTS, LLC,
ARAMARK UNIFORM & CAREER
APPAREL, LLC, AND JOHN DOE
CORPORATION AND JOHN DOE, INDIVIDUALS,

        Defendants.

_____/

Civil Action File No.
21-C-00192-S3

## ANSWER OF DEFENDANTS
## WAL-MART STORES EAST, LP AND WALMART INC.

COME NOW, Defendants WAL-MART STORES EAST, LP and WALMART

INC. (erroneously named) and makes this Answer to Plaintiff's Complaint as

follows:

### FIRST DEFENSE

Venue is not proper as to Wal-Mart Stores East, LP.

### SECOND DEFENSE

Jurisdiction is not proper as to Wal-Mart Stores East, LP.

### THIRD DEFENSE

Walmart Inc. is not a proper Defendant.

Page -1-

## FOURTH DEFENSE

Venue is not proper as to Walmart Inc.

## FIFTH DEFENSE

Jurisdiction is not proper as to Walmart Inc.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## NINTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## TENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## TWELFTH DEFENSE

Plaintiff's claims are barred by laches.

## THIRTEENTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## FOURTEENTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## FIFTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited

behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>SIXTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be

imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

<u>SEVENTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

<u>EIGHTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void

inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>NINETEENTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint, but show that it is a "limited partnership".

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's

Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint, but show that Walmart Inc. is not a proper Defendant.

5.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant Walmart Inc. denies the allegations of paragraph 6 of Plaintiff's Complaint, as stated. Defendant Wal-Mart Stores East, LP lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint, and reserves the right to amend or supplement.

7.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

14.

Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant Walmart Inc. denies the allegations of paragraph 18 of Plaintiff's Complaint, as stated. Defendant Wal-Mart Stores East, LP lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint, and reserves the right to amend or supplement.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendants re-allege and incorporate by reference the answers set forth in the foregoing paragraphs as if fully set forth herein.

26.

Defendant Walmart Inc.  denies the allegations of paragraph 26 of Plaintiff's Complaint, as stated.   Defendant Wal-Mart Stores East, LP lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint, and reserves the right to amend or supplement.

27.

Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint, as stated.

28.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint, as stated.

29.

Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint, as stated.

30.

Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint, as stated.

31.

Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

Defendants re-allege and incorporate any reference the answers set forth in the foregoing paragraphs as if fully set forth herein.

39.

Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

Defendants re-allege and incorporate any reference the answers set forth in the foregoing paragraphs as if fully set forth herein.

44.

Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

Defendants re-allege and incorporate any reference the answers set forth in the foregoing paragraphs as if fully set forth herein.

48.

Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.

Defendants re-allege and incorporate any reference the answers set forth in the foregoing paragraphs as if fully set forth herein.

51.

Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

55.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (d)1., (d)2., (d)3., (d)4., (e) and (f) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No.  578190
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP AND WALMART INC. has this

day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>26th</u> day of January, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**1/26/2021 3:38 PM**

IN THE STATE COURT OF GWINNETT COUNTY *Tiana* CLERK OF STATE COURT
STATE OF GEORGIA

AMY ALLRED,                                            Civil Action File No.
                                                       21-C-00192-S3
        Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
PERSIS VILLA RICA INVESTMENTS, LLC,
ARAMARK UNIFORM & CAREER
APPAREL, LLC, AND JOHN DOE
CORPORATION AND JOHN DOE, INDIVIDUALS,

        Defendants.

_____/

## **12-PERSON JURY DEMAND**

      COME NOW Defendants, WAL-MART STORES EAST, LP and WALMART

INC. and demand a trial by a jury of twelve (12) persons.

                   McLAIN & MERRITT, P.C.

                   /s/ Howard M.  Lessinger
                   Howard M. Lessinger
                   Georgia Bar No. 447088
                   Attorneys for Defendants
                   WAL-MART STORES EAST, LP
                   WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via Odyssey

eFileGA.

This the <u>26th</u> day of January, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-00192-S3
1/26/2021 3:38 PM

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLERK OF STATE COURT

AMY ALLRED,

        Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
PERSIS VILLA RICA INVESTMENTS, LLC,
ARAMARK UNIFORM & CAREER
APPAREL, LLC, AND JOHN DOE
CORPORATION AND JOHN DOE, INDIVIDUALS,

        Defendants.

_____/

Civil Action File No.
21-C-00192-S3

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 23rd day of April, 2021,

commencing at 11:00 a.m., at the offices of The Roy Law Firm, LLC, One Atlantic

Center, 1201 W. Peachtree St. NE, Suite 2300, Atlanta, GA, the deposition will be

taken of Amy Allred. Said deposition will be taken for purposes of discovery and

all other purposes provided by law before an officer duly authorized to administer

oaths. The deposition shall continue from day-to-day until completion. This

deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

     __/s/ Howard M. Lessinger__
Howard M. Lessinger

Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, LP
WALMART INC

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>26th</u> day of January, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, LP
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**1/26/2021 3:38 PM**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CLERK OF STATE COURT

AMY ALLRED,                                             Civil Action File No.
                                                       21-C-00192-S3
                Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART INC.,
PERSIS VILLA RICA INVESTMENTS, LLC,
ARAMARK UNIFORM & CAREER APPAREL, LLC,
AND JOHN DOE CORPORATION AND JOHN DOE, INDIVIDUALS,

                Defendants.
_____/

## **CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned

hereby certifies that the following discovery has been served upon all persons

identified in the Certificate of Service attached hereto and incorporated herein by

reference:

1)      REQUEST FOR ADMISSIONS

2)      INTERROGATORIES AND REQUEST FOR PRODUCTION


                        McLAIN & MERRITT, P.C.

                        /s/ Howard M.  Lessinger
                        Howard M. Lessinger
                        Georgia Bar No. 447088
                        Attorneys for Defendants
                        WAL-MART STORES EAST, LP

WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Peachcourt E-File.

This the ___26th___ day of January, 2021.

McLAIN & MERRITT, P.C.


_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

WALMART INC.
3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**
**2/18/2021 10:01 AM**

~Tiana P. Garre~

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

AMY ALLRED,                                    )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )      Case No.  21-C-00192-S3
                                               )
WAL-MART STORES EAST, LP,                      )
WALMART INC., PERSIS VILLA                     )
RICA INVESTMENTS, LLC,                         )
ARAMARK UNIFORM & CAREER                       )
APPAREL, LLC, and JOHN DOE                     )
Corporation, and JOHN DOE, individuals,        )
                                               )
            Defendants.                        )

### ARAMARK UNIFORM & CAREER APPAREL, LLC
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Aramark Uniform & Career Apparel, LLC ("Aramark") files its Answer and Affirmative

Defenses to Plaintiff's Complaint, as follows:

### PARTIES & JURISDICTION

1.

Aramark is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. 1 of Plaintiff's Complaint, and therefore, denies them.

2.

Aramark is without knowledge or information sufficient to form a belief as to the truth of

the allegations pertaining to another Defendant in Paragraph No. 2 of Plaintiff's Complaint. To the

extent that Paragraph No. 2 is intended to pertain to Aramark, Aramark denies the allegations

contained in Paragraph No. 2 of Plaintiff's Complaint.

3.

Aramark is without knowledge or information sufficient to form a belief as to the truth of

the allegations pertaining to another Defendant in Paragraph No. 3 of Plaintiff's Complaint. To the extent that Paragraph No. 3 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

4.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 4 of Plaintiff's Complaint. To the extent that Paragraph No. 4 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5.

In response to Paragraph No. 5 of Plaintiff's Complaint, Aramark admits that it is a Delaware limited liability company licensed to do business in the State of Georgia and that it may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 20046.  Aramark denies the remaining allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.

Aramark denies the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 7 of Plaintiff's Complaint. To the extent that Paragraph No. 7 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8.

Aramark denies the allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

2

9.

Aramark denies the allegations contained in Paragraph No. 9 of Plaintiff's Complaint.

10.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 10 of Plaintiff's Complaint. To the extent that Paragraph No. 10 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 11 of Plaintiff's Complaint. To the extent that Paragraph No. 11 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

12.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of Plaintiff's Complaint, and therefore, denies them.

13.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 13 of Plaintiff's Complaint. To the extent that Paragraph No. 13 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 14 of Plaintiff's Complaint. To the extent that Paragraph No. 14 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 15 of Plaintiff's Complaint. To the extent that Paragraph No. 15 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 16 of Plaintiff's Complaint. To the extent that Paragraph No. 16 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 17 of Plaintiff's Complaint. Aramark denies the remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 18 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 18 of Plaintiff's Complaint.

19.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 19 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 19 of Plaintiff's Complaint.

20.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 20 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint.

21.

Aramark denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of Plaintiff's Complaint, and therefore, denies them.

23.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of Plaintiff's Complaint, and therefore, denies them.

24.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 of Plaintiff's Complaint, and therefore, denies them.

## <u>COUNT I – PREMISE LIABILITY & NEGLIGENCE</u>
### (All Defendants)

25.

In response to Paragraph No. 25 of Plaintiff's Complaint, Aramark sets forth its responses to Paragraph No. 1 through Paragraph No. 24 as if fully stated herein.

5

26.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 26 of Plaintiff's Complaint. To the extent that Paragraph No. 26 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 27 of Plaintiff's Complaint. To the extent that Paragraph No. 27 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 28 of Plaintiff's Complaint. To the extent that Paragraph No. 28 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29.

Aramark denies the allegations contained in Paragraph No. 29 of Plaintiff's Complaint.

30.

Aramark denies the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

31.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 31 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 31 of Plaintiff's Complaint.

32.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 32 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 32 of Plaintiff's Complaint.

33.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 33 of Plaintiff's Complaint. To the extent that Paragraph No. 33 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 34 of Plaintiff's Complaint. Aramark denies the remaining allegations in Paragraph No. 34 of Plaintiff's Complaint.

35.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 35 of Plaintiff's Complaint. To the extent that Paragraph No. 35 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

36.

Aramark denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37.

Aramark denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

## COUNT II – VICARIOUS LIABILITY
**(Walmart & Aramark Defendants)**

38.

In response to Paragraph No. 38 of Plaintiff's Complaint, Aramark sets forth its responses to Paragraph No. 1 through Paragraph No. 37  as if fully stated herein.

39.

Aramark denies the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40.

Aramark denies the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41.

Aramark denies the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42.

Aramark denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

## COUNT III – NEGLIGENT TRAINING & SUPERVISION
**(Walmart & Aramark Defendants)**

43.

In response to Paragraph No. 43 of Plaintiff's Complaint, Aramark sets forth its responses to Paragraph No. 1 through Paragraph No. 42  as if fully stated herein.

44.

Aramark denies the allegations contained in Paragraph No. 44 of Plaintiff's Complaint.

45.

Aramark denies the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46.

Aramark denies the allegations contained in Paragraph No. 46 of Plaintiff's Complaint.

8

## COUNT IV – PUNITIVE DAMAGES
### (Defendants)

47.

In response to Paragraph No. 47 of Plaintiff's Complaint, Aramark sets forth its responses to Paragraph No. 1 through Paragraph No. 46  as if fully stated herein

48.

Aramark denies the allegations contained in Paragraph No. 48 of Plaintiff's Complaint.

49.

Aramark denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

## COUNT V – ATTORNEY'S FEES AND COSTS

50.

In response to Paragraph No. 50 of Plaintiff's Complaint, Aramark sets forth its responses to Paragraph No. 1 through Paragraph No. 49  as if fully stated herein.

51.

Aramark is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to another Defendant in Paragraph No. 51 of Plaintiff's Complaint. To the extent that Paragraph No. 51 is intended to pertain to Aramark, Aramark denies the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52.

Aramark denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

53.

Aramark denies the allegations contained in Paragraph No. 53 of Plaintiff's Complaint.

Aramark denies the allegations contained in subparagraphs (a) through (f), in the paragraph beginning "WHEREFORE" of Plaintiff's Complaint. To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Aramark denies each and every allegation, count, and prayer for relief in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Aramark. Therefore, the Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The damages complained of by Plaintiff were the result of an unavoidable accident unmixed with the alleged negligence of Aramark.

## THIRD AFFIRMATIVE DEFENSE

Aramark did not owe a duty to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Aramark acted at all times in good faith and with reasonable care.

## FIFTH AFFIRMATIVE DEFENSE

Aramark did not breach any duty of care owed to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

No act or omission on the part of Aramark caused or contributed to any injury or damage Plaintiff may have sustained.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence contributed proximately to her alleged injuries and other damages as she was not exercising ordinary care for her own safety at the time she claims she was injured.

10

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was at least equal to or greater than any alleged negligence (which is specifically denied) by or attributable to Aramark.  Plaintiff is therefore barred from recovery against Aramark.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, willingly and voluntarily assumed the risk of all damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by the acts or omissions of others not named in this lawsuit; wherefore any recovery obtained by Plaintiff from Aramark should be reduced by an amount equal to the percentage of the fault of those unnamed persons.

### ELEVENTH AFFIRMATIVE DEFENSE

The presence of any alleged hazard, which Aramark denies, was open and obvious at all relevant times.

### TWELFTH AFFIRMATIVE DEFENSE

Aramark had no actual or constructive notice of the presence of any alleged hazard or defective condition, which Aramark denies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Aramark alleges that it presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  Aramark therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, Aramark demands that:

    a.  Plaintiff's claims against it be dismissed with prejudice;

    b.  Plaintiff recover nothing against Aramark in this action; and

    c.  Aramark have any other and further relief that the Court deems proper.

This 18th day of February 2021.

WOOD, SMITH, HENNING & BERMAN LLP
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
jfowler@wshblaw.com
slytle@wshblaw.com

*/s/ Jenna M. Fowler*
Richard E. Zelonka, Jr.
Georgia Bar No. 142152
Jenna M. Fowler
Georgia Bar No. 386864

*Counsel for Aramark Uniform and Career Apparel, LLC*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|                                                  |     |                        |
|--------------------------------------------------|-----|------------------------|
| AMY ALLRED,                                      | )   |                        |
|                                                  | )   |                        |
| Plaintiff,                                       | )   |                        |
|                                                  | )   |                        |
| v.                                               | )   | Case No.  21-C-00192-S3 |
|                                                  | )   |                        |
| WAL-MART STORES EAST, LP,                        | )   |                        |
| WALMART INC., PERSIS VILLA                       | )   |                        |
| RICA INVESTMENTS, LLC,                           | )   |                        |
| ARAMARK UNIFORM & CAREER                         | )   |                        |
| APPAREL, LLC, and JOHN DOE                       | )   |                        |
| Corporation, and JOHN DOE, individuals,          | )   |                        |
|                                                  | )   |                        |
| Defendants.                                      | )   |                        |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing ***Answer and Affirmative***

***Defenses*** on all parties, via Odyssey eFile GA as follows:

Patricia A. Roy
The Roy Law Firm, LLC
One Atlantic Center
1201 W. Peachtree Street NE
Suite 2300
Atlanta, Georgia 30309

This 18th day of February 2021.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP** | */s/ Jenna M. Fowler* |
| 1230 Peachtree Street NE, Suite 925 | Richard E. Zelonka, Jr. |
| Atlanta, Georgia 30309 | Georgia Bar No. 142152 |
| Telephone:  470-552-1150 | Jenna M. Fowler |
| Fax:  470-552-1151 | Georgia Bar No. 386864 |
| rzelonka@wshblaw.com | |
| jfowler@wshblaw.com | *Counsel for Aramark Uniform and* |
| slytle@wshblaw.com | *Career Apparel, LLC* |

13

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**

**2/18/2021 5:13 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

*Tiana P. Garner*

CLERK OF STATE COURT

| | |
|---|---|
| AMY ALLRED, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]   CIVIL ACTION FILE NO.: |
| | ]   21-C-00192-S3 |
| WAL-MART STORES EAST, LP, | ] |
| WALMART INC., PERSIS VILLA RICA | ] |
| INVESTMENTS, LLC, ARAMARK | ] |
| UNIFORM & CAREER APPAREL, LLC, | ]   **JURY TRIAL DEMANDED** |
| and JOHN DOE Corporation, and | ] |
| JOHN DOE, individuals, | ] |
| | ] |
| Defendants. | ] |

---

### DEFENDANT PERSIS VILLA RICA INVESTMENTS, LLC'S ANSWER

---

In accordance with O.C.G.A. § 9-11-12(a) and as otherwise provided by law, Defendant Persis Villa Rica Investments, LLC responds to Plaintiff Amy Allred's Complaint.

As a preliminary matter, Persis asserts the following defenses, reserving the right to amend or supplement its defenses as permitted by law:

1.     Plaintiff fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims may be barred, either in whole or in part, by the statute of limitations.

3.     Before the alleged events giving rise to this action, Persis fully parted with possession of the premises where the alleged incident occurred.

4.     Persis had neither actual nor constructive knowledge (or superior knowledge) of the alleged defective condition.

5.     Persis did not create the alleged defective condition, which arose, if at all, after

Persis fully parted with possession of the premises where the alleged incident occurred.

6.     Persons or entities other than Persis are responsible for keeping the premises where the alleged incident occurred in good repair and condition.

7.     In accordance with O.C.G.A. § 51-12-33, other persons or entities may be wholly or partially at fault for Plaintiff's alleged damages and injuries, including Plaintiff herself.

8.     Plaintiff's claims may be barred, either in whole or in part, by her own negligence.

9.     Plaintiff may have failed to exercise reasonable care for her own safety.

10.    As described by Plaintiff, the alleged defective condition appears open and obvious.

11.    Plaintiff assumed the risk associated with any alleged defective condition.

12.    Persis denies that it was negligent in any manner or that any negligent act or omission on its part caused or contributed to any of Plaintiff's alleged damages or injuries that are the subject of this action.

13.    Persis owed no duty of care to Plaintiff.  But even if Persis somehow owed Plaintiff a duty of care (it did not), Persis did not breach such duty.

14.    Persis did not cause or contribute to the damages Plaintiff allegedly suffered.

15.    Plaintiff is not entitled to recover some or all of the damages she seeks.

16.    Plaintiff failed to mitigate her damages.

17.    Plaintiff failed to plead special damages, if any, with particularity as required under O.C.G.A. § 9-11-9(g).

18.    At no time relevant to the events giving rise to this action did Persis' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would

raise the presumption of conscious indifference to consequences; therefore, Plaintiff is not entitled to punitive damages.

19.     At not time relevant to the events giving rise to this action has Persis acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expenses; therefore, Plaintiff is not entitled to expenses of litigation, including her attorneys' fees and costs.

Persis responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

1.     Plaintiff Amy Allred is a resident of Georgia who resides in Carroll County.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

2.     Defendant, Wal-Mart Stores East, LP ("Wal-Mart East"), is a Delaware corporation that transacts business throughout Georgia and is the operator of Walmart stores, including the Walmart Auto Care Center store located at 600 Carrollton Villa Rica Highway, Douglasville, Georgia in Carroll County, Store# 2732, (hereinafter "the Store").  Wal-Mart East can be served with process through its registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040 in Forsyth County.

**RESPONSE:**  Walmart Store No. 2732 is located in Villa Rica, Georgia, not in Douglasville, Georgia.  Persis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph; therefore, the allegations are denied.

3.     Walmart INC. is a Delaware corporation that, among other things, owns and/or leases over 2,500 Walmart Auto Care Center stores nationwide, including upon information and

belief, leasing the Walmart Auto Care Center store located at 600 Carrollton Villa Rica Highway, Douglasville, Georgia in Carroll County, Store # 2732, (hereinafter "the Store"), where the tort in this action took place.

      **RESPONSE:** Persis admits that Wal-Mart leases Wal-Mart Store No. 2732, which is located in Villa Rica, Georgia, not in Douglasville, Georgia. Persis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph; therefore, the allegations are denied.

      4.     Walmart INC. can be served with process through its registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040 in Forsyth County.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

      5.     Aramark Uniform & Career Apparel, LLC ("Aramark"), is a Delaware company that transacts business throughout Georgia, and can be served with process through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046 in Gwinnett County.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

      6.     Aramark is in the business of providing floor mats to Walmart and/or Walmart East for the Walmart Auto Center Store at issue in this case.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

7.      Persis Villa Rica Investments, LLC is a Delaware Corporation and owns the "Walmart Store" property.  Persis transacts business in Georgia and can be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 in Gwinnett County.

**RESPONSE:**  Persis admits the allegations in this paragraph except that it is a Delaware limited liability company, not a corporation, and owns some, but not all, of the shopping center commonly referred to as Wal-Mart Store No. 2732, which is located in Villa Rica, Georgia, not Douglasville, Georgia, as alleged in Paragraphs 2 and 3 of the complaint.

8.      Jurisdiction is proper in this Court.

**RESPONSE:**  Persis admits that the Court has subject-matter jurisdiction over this dispute.  Persis further admits that it is subject to the personal jurisdiction of this Court.

9.      Venue is proper in this Court pursuant to O.C.G.A. §14-2-510.

**RESPONSE:**  Persis admits that it is subject to the venue of this Court.  All remaining allegations, however, are denied.

10.     Defendant John Does ("Doe") is an individual whose identity is known only as a Walmart employee.  At all relevant times herein, Defendant Doe is resident of Georgia, is subject to the jurisdiction of this Court and venue is proper.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

11.     Defendant John Doe Corporation is a company whose identity is not known to

Plaintiff at this time.  Said Defendant is subject to the jurisdiction of this Court and venue is proper.

RESPONSE:  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

12.    On January 31, 2019, Ms. Allred was lawfully on the premises of the Walmart Auto Center Store #2732, as a Walmart customer. As such, Plaintiffs legal status was that of an invitee.

RESPONSE:  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

13.    At all relevant times, including the date and time of Plaintiffs injury, the WalMart and Persis Defendants were responsible for keeping the premises safe and in good repair for its invitees and licensees.

RESPONSE:  Persis denies that it was responsible for keeping the Walmart Auto Center Store #2732 safe and in good repair.  Persis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph; therefore, the allegations are denied.

14.    This WalMart Auto Care Center is particularly dilapidated, in disrepair and has either no lighting fixtures in the entry/exit area (as it relies on sky lights whose light does not reach the hallway) or inadequate lighting in the main narrow and dark hallway leading inside/outside the Store.

RESPONSE:  Persis is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

15.     The narrow hallway entry/exit of the Auto Care Center has concrete flooring that looks original to the building, as it does not appear to ever have been repaired, painted or maintained.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

16.     The center of the hallway is depressed where the paint and concrete have worn away from use over time.  As such, debris, dirt and small pieces of rock and gravel aggregate toward the middle of the uneven walkway.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

17.     The Auto Care Center is like an obstacle course to enter and exit, as business invitees, such as Plaintiff, have to watch out for tires stacked up around the entrance, traverse a dark hallway that cannot be adequately viewed from the exterior or the interior, walk around standing ashtray for cigarettes, walk around a garbage at times that may hold open the door, and walk on uneven concrete flooring that appears to dip in the middle as its worn away, thus employees are using floor mats apparently to compensate for negligent repair and maintenance.

      **RESPONSE:** Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

18.     Walmart contracted with Defendant Aramark and/or Defendant John Doe Corporation, upon information and belief, to regularly recommend appropriate floor mats, inspect, clean, remove from rotation and replace with old with new floor mats, and deliver and service floor mats at Defendant Walmart's subject premises.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

19.     On or about the day of Plaintiff was injured, Walmart Defendants and John Doe Defendant placed an old, frayed floor mat with uneven, warped and bubbled edges on top of another different type and width of smaller sized floor mat (hiding the bottom floor mat) at the entrance/exit of the Auto Care Center, creating an additional hazard.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

20.     Ms. Allred was tripped by the unsafe, hidden and mismatched floor mats that Walmart employees had placed on the floor on top of each other with worn, warped and bubbled edges.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

21.     The floor mat was not fastened to the floor, was old, warped and being used in a manner that caused a tripping hazard.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

22.     Ms. Allred was tripped so badly and landed so hard on the concrete that she hit her face, shoulders, arms, wrists, knees and stomach, which caused severe bruising, swelling and pain. Walmart asked her to fill out an Incident Report while she waited for the ambulance, but she could not use her arm and was in too much pain to do so.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

23.     Ms. Allred was in such pain that she had to be transported by ambulance to the local hospital, where it was confirmed that she suffered, among other things, an acute fracture to her right humeral head.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

24.     Though Ms. Allred was paying attention to her surroundings, the hazards that Defendants created caused her to be tripped and injured.

**RESPONSE:**  Denied.

### COUNT I - PREMISES LIABILITY & NEGLIGENCE
### (All Defendants)

25.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**RESPONSE:**  Persis incorporates its defenses and responses to paragraphs 1 – 24 above as if fully set forth here.

26.     Defendant Persis owns and the Walmart Defendants lease and operate the Store, and both are in charge and control of maintaining its entrance and exit, subject to the terms of any lease.

**RESPONSE:**  Persis admits that it owns Wal-Mart Store No. 2732 in Villa Rica, Georgia.  Persis, however, had fully parted possession of the store at the time of this alleged incident by leasing Wal-Mart Store No. 2732 to Wal-Mart.  Persis denies the remaining allegations contained in this paragraph.

27.     Defendants Persis and Walmart owed a non-delegable duty of reasonable care to keep the premises safe for invitees such as Plaintiff.

**RESPONSE:**  Denied.

28.     Defendants Persis and Walmart owed a duty to Plaintiff to maintain the subject premises in a non-negligent manner, keep it free of hazardous conditions, protect Plaintiff from hidden perils and not injure Plaintiff by creating and maintaining dangerous conditions. They also had a duty to warn her of any hazardous conditions.

**RESPONSE:**  Denied.

29.     Defendant Aramark owed a duty to Plaintiff to provide commercial floor mats in a serviceable and non-hazardous condition that are appropriate for high traffic areas.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

30.     Aramark breached its duty of care, as they knew, or in the exercise of reasonable care, should have known of the hazardous condition of using and keeping in rotation to use the inappropriate, old worn and hazardous floor mats that had warped and bubbled edges and, thus,

would not lay entirely flat. Aramark also failed to inspect properly the old, worn floor mats it was delivering to Walmart Defendants.

> **RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

31.     WalMart Defendants breached their duty of care, as they negligently placed inappropriate floor mats near the exit of the Store, which would easily move, fail to lay flat on an uneven surface. WalMart Defendants breached their duty of care, as they created a hazard by using two mismatched floor mats stacked on top of each other, as well as top floor mat that had warped and bubbled edges that did not allow the floor mat to lay entirely flat, creating a hazardous condition, among other negligent acts.

> **RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

32.     Defendants WalMart breached their duty of care, as they were negligent in failing to properly and regularly inspect the floor mats themselves, choosing and using inappropriate and cheap floormats in highly trafficked areas and failing to remove worn and warped floor mats from rotation and use.

> **RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

33.     Defendants WalMart and Persis breached their duty of care, as they failed to provide adequate lighting, painting and maintenance of the flooring at the exit and in the

hallway, which are all partially or completely in shadow and dark at the time of the incident.

**RESPONSE:** Denied.

34.     Defendants WalMart and Persis breached their duty of care, as they failed to properly maintain, paint and sweep the concrete floors, so that they have become uneven from wear, collect debris, gravel and dirt, causing employees to attempt to level the floor and to cover dirt and debris at the entranceway by using older, worn and warped floor mats, which create a hazard.

**RESPONSE:** Denied.

35.     Defendants Walmart and Persis breached their duty of care, by among other things, failing to keep the area safe for Plaintiff, failing to warn Plaintiff of the dangerous conditions, and failing to regularly inspect the area so as to remove hazards and to provide adequate lighting and flooring.

**RESPONSE:** Denied.

36.     Defendants had actual or constructive and superior knowledge of the hazardous conditions as they created the hazards that injured Plaintiff.

**RESPONSE:** Denied.

37.     As a direct and sole proximate result of Defendants' negligence, Ms. Allred has sustained severe injuries, had to endure a painful surgery, several rounds of physical therapy, suffered humiliation, embarrassment and emotional distress, has suffered and continues to suffer severe pain and cannot use her dominant arm the way she could before she was injured, disability, discomfort, inconvenience, and has and will incur in the future medical, doctor, rehabilitation and prescription bills.

**RESPONSE:** Denied.

## COUNT II - VICARIOUS LIABILITY
### (Walmart & Aramark Defendants)

38.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**RESPONSE:**  This is an improper shotgun pleading because it incorporates all the previous allegations, including Count I.  Notwithstanding such improper pleading, Persis incorporates its above defenses and responses to paragraphs 1 – 37 as if fully set forth here.

39.    At  all times  relevant  to this  action, the individuals  responsible  for choosing the inappropriate floor mats, placing the floor mats, inspecting the floor mats and maintaining the area where Plaintiff tripped were employed by Aramark and/or WalMart Defendants and were acting in the scope of their employment and/or as agents of Aramark and/or WalMart at the time of the subject incident.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

40.    WalMart and Aramark Defendants are responsible and liable for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

41.    Defendant John Doe's negligence may be imputed to WalMart Defendants and Aramark Defendants under the doctrine of respondeat superior, agency or apparent agency.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are

denied.

42.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries, incurred extensive charges for medical care, and will incur additional medical and other expenses in the future, which continue to accrue.

**RESPONSE:**  Denied.

## COUNT IIl- NEGLIGENT TRAINING & SUPERVISION
### (Walmart and Aramark Defendants)

43.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**RESPONSE:**  This is an improper shotgun pleading because it incorporates all previous allegations, including Counts I and II.  Notwithstanding such improper pleading, Persis incorporates its above defenses and responses to paragraphs 1 – 42 as if fully set forth here.

44.     WalMart and Aramark Defendants are negligent in failing to adopt appropriate policies and procedures to choose, place, maintain appropriate floor mats and inspect and store those floor mats on the premises and in failing to train its employees concerning safety procedures for inspecting, placing, using and storing those floor mats on the premises.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

45.     WalMart and Aramark Defendants were negligent in training and supervising its staff on the use, inspection and placement of floor mats.

**RESPONSE:**  Persis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, the allegations are denied.

46.     As a result of Defendant's negligence in training and supervising its employees, among other acts and omissions, Plaintiff was injured on the premises.

**RESPONSE:** Denied.

## COUNT IV -- PUNITIVE DAMAGES
### (Defendants)

47.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**RESPONSE:** This is an improper shotgun pleading because it incorporates all previous allegations, including Counts I - III.  Notwithstanding such improper pleading, Persis incorporates its above defenses and responses to paragraphs 1 – 46 as if fully set forth here.

48.     The actions of Defendants demonstrate by clear and convincing evidence that Defendant's actions showed willful misconduct, malice, wantonness, oppression, and an entire want of care to a degree that raises the presumption of conscious indifference to consequences and justifies the award of punitive damages.

**RESPONSE:** Denied.

49.     As a result of the foregoing, and pursuant to O.C.G.A. § 51-12-5.1, and other applicable law, Plaintiff is entitled to recover from Defendants, an amount to be determined at trial for the purpose of deterring the repetition of such conduct.

**RESPONSE:** Denied.

## COUNT V – ATTORNEYS FEES & COSTS

50.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**RESPONSE:** This is an improper shotgun pleading because it incorporates all previous allegations, including Counts I - IV.  Notwithstanding such improper pleading, Persis

incorporates its above defenses and responses to paragraphs 1 – 49 as if fully set forth here.

51.     Plaintiff has incurred and will continue to incur substantial attorney's fees and expenses to prosecute this matter.

**RESPONSE:**  Denied.

52.     The Defendant's actions have demonstrated bad faith, stubborn litigiousness, and have. caused Plaintiff unnecessary delay and expense.

**RESPONSE:**  Denied.

53.     Plaintiff is entitled to recover all costs of the prosecution of this matter, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11 and other applicable law.

**RESPONSE:**  Denied.

As to the complaint as a whole, all allegations, except those specifically admitted herein, are denied, including Plaintiff's prayers for relief.

**WHEREFORE**, Persis prays as follows:

1.     That the Court dismiss Plaintiff's claims with prejudice;

2.     That the Court enter an award in favor of Persis, including its attorneys' fees and litigation costs under O.C.G.A. § 13-6-11 or as otherwise provided by law;

3.     That all costs be taxed against Plaintiff;

4.     That the Court hold a pre-trial conference under O.C.G.A. § 9-11-16;

5.     That the Court impanel a jury of twelve on all claims so triable before a jury; and

6.     That it obtain such other and further relief as the Court deems is just and proper under the circumstances.

This 18th day of February, 2021.

**MILLER & MARTIN PLLC**

*/s/Michael P. Kohler*

By:    Michael P. Kohler
        Georgia Bar No. 427727
        Elizabeth Marquardt
        Georgia Bar No. 944547

1180 W. Peachtree Street, N.W. Suite 2100
Atlanta, Georgia 30309-3407
Tel. No.: (404) 962-6403
Fax No.: (404) 962-6303
michael.kohler@millermartin.com
elizabeth.marquardt@millermartin.com

***Attorneys for Defendant***
***Persis Villa Rica Investments, LLC***

**Certificate of Service.**  I hereby certify that on the below date this document was electronically filed with the Court using Odyssey eFileGa, which will serve a copy of this document on the parties.

This 18th day of February, 2021.

**MILLER & MARTIN PLLC**

*/s/Michael P. Kohler*

By:    Michael P. Kohler
        Georgia Bar No. 427727

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-00192-S3**

**2/24/2021 12:35 PM**

*Tiana P. Garne*

CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| AMY ALLRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  21-C-00192-S3 |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| WALMART INC., PERSIS VILLA | ) |
| RICA INVESTMENTS, LLC, | ) |
| ARAMARK UNIFORM & CAREER | ) |
| APPAREL, LLC, and JOHN DOE | ) |
| Corporation, and JOHN DOE, individuals, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF LEAVE OF ABSENCE

The undersigned hereby gives notice that she will be unavailable between the following

dates:

- Monday, April 5, 2021 through and including Friday, April 9, 2021 (Family Spring

  Break);

- Wednesday, May 26, 2021 through and including Friday, June 4, 2021 (Family

  Vacation); and

- Friday, July 2, 2021 through and including Monday, July 12, 2021 (Family Vacation).

Petitioner therefore requests that any and all proceedings involving petitioner be stayed

during said period of time.  All affected Judges and opposing counsel shall have ten (10) days

from the date of this Notice to object.  If no objections are filed, the Leave of Absence shall be

granted.

Respectfully submitted this 23rd day of February, 2021.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street NE, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
jfowler@wshblaw.com
slytle@wshblaw.com

/s/ Jenna M. Fowler
Jenna M. Fowler
Georgia Bar No.: 386864

*Counsel for Defendants, Aramark Uniform & Career Apparel, LLC*

2

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| AMY ALLRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  21-C-00192-S3 |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| WALMART INC., PERSIS VILLA | ) |
| RICA INVESTMENTS, LLC, | ) |
| ARAMARK UNIFORM & CAREER | ) |
| APPAREL, LLC, and JOHN DOE | ) |
| Corporation, and JOHN DOE, individuals, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing ***Notice of Leave of Absence*** via

Odyssey eFileGA electronic filing portal:

Patricia A. Roy
The Roy Law Firm, LLC
One Atlantic Center
1201 W. Peachtree Street NE
Suite 2300
Atlanta, Georgia 30309

This 23rd day of February, 2021.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP** | */s/ Jenna M. Fowler* |
| 1230 Peachtree Street NE, Suite 925 | Jenna M. Fowler |
| Atlanta, Georgia 30309 | Georgia Bar No.: 386864 |
| Telephone:  470-552-1152 | |
| Fax:  470-552-1151 | *Counsel for Defendants, Aramark Uniform &* |
| rzelonka@wshblaw.com | *Career Apparel, LLC* |
| jfowler@wshblaw.com | |
| slytle@wshblaw.com | |

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-00192-S3
2/28/2021 9:53 PM

*Tiana P. Garner*

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| AMY ALLRED, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 21-C-00192-S3 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| WALMART INC., PERSIS VILLA RICA | ) | |
| INVESTMENTS, LLC, ARAMARK | ) | |
| UNIFORM & CAREER APPAREL, LLC, | ) | |
| AND JOHN DOE, CORPORATION, and | ) | |
| JOHN DOE, INDIVIDUALS | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify pursuant to U.S.C.R. 5.2 that on February 28, 2021, I did serve all counsel of record with a copy of: (1) ***PLAINTIFF AMY ALLRED'S OBJECTIONS AND RESPONSES TO DEFENDANT WAL-MART STORES EAST, LP, AND WALMART INC.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF,*** and (2) ***PLAINTIFF AMY ALLRED'S OBJECTIONS AND RESPONSES TO DEFENDANT WAL-MART STORES EAST, LP, AND WALMART INC.'S FIRST REQUEST FOR ADMISSIONS OF FACT TO PLAINTIFF*** via Odyssey E-file via e-mail, as follows:

Howard M. Lessinger, Esq. (hlessinger@mclain-merritt.com)
MCLAIN & MERRITT, P.C.
3445 Peachtree Road, NE, Suite 500
Atlanta, Georgia  30326-3240

Richard Zelonka, Esq. (rzelonka@wshblaw.com)
Jenna Fowler, Esq. (jfowler@wshblaw.com)
Shayla Lite, Esq. (slytle@wshblaw.com)
WOOD, SMITH, HENNING & BERMAN LLC
1230 Peachtree Street, NE, Suite 925
Atlanta, Georgia  30309

Michael P. Kohler, Esq. (michael.kohler@millermartin.com)
MILLER & MARTIN
1180 West Peachtree Street, NW
Regions Plaza, Suite 2100
Atlanta  Georgia  30309


THE ROY LAW FIRM, LLC

*/s/ Patricia A. Roy*
PATRICIA A. ROY
Georgia Bar No. 617275
Attorneys for Plaintiff


1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30339
patricia@theroyfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the forgoing ***CERTIFICATE OF SERVICE OF DISCOVERY*** has been served upon all counsel of record by Odyssey E-file and via e-mail on this 28th day of February, 2021, addressed as follows:

> Howard M. Lessinger (hlessinger@mclain-merritt.com)
> MCLAIN & MERRITT, P.C.
> 3445 Peachtree Road, NE, Suite 500
> Atlanta, Georgia  30326-3240
>
> Richard Zelonka, Esq. (rzelonka@wshblaw.com)
> Jenna Fowler, Esq. (jfowler@wshblaw.com)
> Shayla Lite, Esq. (slytle@wshblaw.com)
> WOOD, SMITH, HENNING & BERMAN LLC
> 1230 Peachtree Street, NE, Suite 925
> Atlanta, Georgia  30309
>
> Michael P. Kohler, Esq. (michael.kohler@millermartin.com)
> MILLER & MARTIN
> 1180 West Peachtree Street, NW
> Regions Plaza, Suite 2100
> Atlanta Georgia  30309

> THE ROY LAW FIRM, LLC

> */s/ Patricia A. Roy*
> PATRICIA A. ROY
> Georgia Bar No. 617275
> Attorney for Plaintiff

1201 W. Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30339
404.991.0562
patricia@theroyfirm.com